[No. B143474. Second Dist., Div. Five. Apr. 18, 2001.]

VIDEOTAPE PLUS, INC., et al., Plaintiffs and Appellants, v. VINCENT J. LYONS et al., Defendants and Respondents.

**COUNSEL**

David A. Robinson and Jeffrey Lewis for Plaintiffs and Appellants.

Gary Brown for Defendants and Respondents.

**OPINION**

**WILLHITE, J.**\*—Appellants Videotape Plus, Inc., and Marshall W. Brehm appeal from the judgment on the pleadings dismissing their malicious prosecution complaint against respondents Vincent J. Lyons, Dubs, Inc., and Gerald P. Cunningham. After review, we reverse and remand.

---

\*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## PROCEDURAL AND FACTUAL BACKGROUND[1]

Respondent Vincent J. Lyons owns Dubs, Inc., a company in the video-tape duplication business. In 1996, Dubs filed through its attorney, respondent Gerald P. Cunningham, a lawsuit against appellants Videotape Plus, Inc., and Marshall W. Brehm, the president and owner of Videotape Plus, Inc. Dubs alleged appellants were liable for conspiring with one of Dubs's supervisors to steal videotapes from Dubs's warehouse. The complaint alleged causes of action for conversion, fraud, and negligence.

Appellants denied the allegations, claiming they bought the videotapes in good faith from the supervisor. They propounded discovery to learn what evidence supported Dubs's claims. Dubs repeatedly thwarted appellants' discovery efforts, requiring appellants to obtain orders to compel, which Dubs refused to honor. Appellants thereafter moved for summary judgment, arguing Dubs had no evidence to support its allegations. Following appellants' motion, Dubs dismissed its negligence claim with prejudice and the trial court granted summary judgment dismissing the conversion and fraud claims.

Dubs appealed from the judgment against it. In an unpublished decision, we affirmed dismissal of the fraud cause of action, but reversed dismissal of the conversion cause of action and remanded for further proceedings. (*Dubs, Inc. v. Videotape Plus, Inc.* (Jan. 7, 1999, B118053).)

After remand, Dubs continued to refuse appellants' legitimate discovery requests. On the trial's first day, the court suspended proceedings and ordered Dubs to produce two witnesses for deposition. Dubs did not, how-ever, comply with the order: one witness did not appear and the second witness improperly terminated her deposition after less than one hour of testimony. Based on Dubs's willful misconduct, the trial court issued termi-nating sanctions in July 1999 for Dubs's discovery abuses.

Four months later, appellants filed their malicious prosecution complaint against respondents. Appellants alleged Dubs's lawsuit against them was maliciously prosecuted because Dubs lacked probable cause for the fraud and negligence causes of action. Appellants asserted the negligence claim was meritless as a matter of law because they owed no duty of care to Dubs;

---

[1]Because this appeal is from a judgment on the pleadings, we accept as true the allegations of appellants' complaint without passing on their veracity. (*Inter-Modal Rail Employees Assn. v. Burlington Northern & Santa Fe Ry. Co.* (1999) 73 Cal.App.4th 918, 924 [87 Cal.Rptr.2d 60]; *Barker v. Hull* (1987) 191 Cal.App.3d 221, 224 [236 Cal.Rptr. 285].)

according to appellants, Dubs included the claim solely to trigger liability insurance coverage that would generate settlement proceeds. Appellants argued the fraud claim was meritless because appellants owed Dubs no duty of disclosure.

Respondents moved for judgment on the pleadings. They argued our prior reversal of the summary dismissal of Dubs's claim for conversion established probable cause for Dubs's lawsuit as a matter of law. The trial court agreed, and dismissed appellant's malicious prosecution complaint. In its ruling, the court apparently relied on our previous opinion in which we found that it was undisputed appellant Videotape Plus, Inc., had bought videotapes from a Dubs supervisor. Coupling our conclusion with the law of conversion, the trial court concluded that if the supervisor had stolen the videotapes from Dubs before selling them, conversion occurred as a matter of law regardless of appellants' possible good faith in believing the sales were legitimate. Describing the negligence and fraud claims as thus "add-·[ing] nothing" to the conversion claim, the court declared it was not malicious prosecution to add such "superfluous counts" because, according to the court, reasonable lawyers never plead only a single cause of action for a given set of facts, instead always pleading alternative theories to avoid malpractice claims. It particularly would have been malpractice not to plead negligence here, the court held, since such a claim triggers insurance coverage that could help settle the lawsuit. This appeal followed.

## STANDARD OF REVIEW

■ We review judgment on the pleadings under the same standard by which we review a trial court's dismissal of a complaint after sustaining a demurrer. (*Inter-Modal Rail Employees Assn. v. Burlington Northern & Santa Fe Ry. Co., supra,* 73 Cal.App.4th at p. 924; *Barker v. Hull, supra,* 191 Cal.App.3d at p. 224.) " 'We treat [a] demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the [appellant]." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

## Discussion

█ To preclude a later claim of malicious prosecution, a plaintiff must have probable cause for each cause of action it alleges against a defendant. (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 679 [34 Cal.Rptr.2d 386, 881 P.2d 1083].) Probable cause exists when a cause of action is, objectively speaking, legally tenable. (*Sierra Club Foundation v. Graham* (1999) 72 Cal.App.4th 1135, 1153 [85 Cal.Rptr.2d 726]; *Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 164 [80 Cal.Rptr.2d 66].) If the plaintiff's knowledge and belief supporting its causes of action are undisputed, probable cause is a legal question for the trial court. If, however, the plaintiff's knowledge and belief are disputed, then the jury must determine the facts before the court can decide the legal question of whether those facts constitute probable cause. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 877, 881 [254 Cal.Rptr. 336, 765 P.2d 498]; *Sangster v. Paetkau, supra,* 68 Cal.App.4th at p. 165.)

The trial court found "as a matter of law" that respondents believed one of their own supervisors was stealing videotapes from the warehouse, thus immunizing respondents from liability for malicious prosecution. The trial court's finding appears to arise from our opinion reversing summary judgment of respondents' conversion claim. In our opinion, we noted it was uncontested in the summary judgment hearing that quantities of videotape were taken from Dubs's warehouse and sold to appellant Videotape Plus, Inc., for which Videotape Plus, Inc., paid a Dubs supervisor. We found such facts created a triable issue as to whether Videotape Plus, Inc., had converted Dubs's videotapes, thus making summary judgment improper.

The trial court concluded that if probable cause supported the conversion claim, then the negligence and fraud causes of action were also insulated from a cause of action for malicious prosecution. The court described the fraud and negligence claims as "adding nothing" to the conversion claim. The court reasoned for both these claims that if the videotapes were stolen, appellants were liable for converting Dubs's property no matter how careful (the absence of care being negligence) or honest (the absence of honesty being fraud) appellants were in buying the videotapes from the Dubs supervisor. In the same vein, the court reasoned that if the tapes were not stolen, appellants were not liable under any theory. The court stated it was not malicious prosecution to add "superfluous counts" for negligence and fraud because reasonable lawyers never plead only a single cause of action for a given set of facts, and instead plead alternative theories in order to avoid malpractice claims by their clients.

█ The trial court erred in granting respondents judgment on the pleadings. Probable cause must have supported both the negligence and fraud

causes of action. (*Crowley v. Katleman, supra,* 8 Cal.4th at p. 679 [probable cause must support each cause of action].) Appellants have adequately alleged respondents did not have probable cause for either cause of action because respondents asserted negligence solely to trigger insurance coverage and raised fraud without knowing of any misrepresentation or duty to disclose. (Cf. *Sierra Club Foundation v. Graham, supra,* 72 Cal.App.4th at p. 1153 [cause of action supported by probable cause if claim legally tenable]; *Sangster v. Paetkau, supra,* 68 Cal.App.4th at p. 164 [same].)

Respondents observe that surviving summary judgment ordinarily means probable cause supported a cause of action. (*Roberts v. Sentry Life Ins.* (1999) 76 Cal.App.4th 375, 384 [90 Cal.Rptr.2d 408].) In the previous appeal before us, we simply reinstated respondents' cause of action for conversion. The reinstatement of the conversion cause of action did not constitute a finding that probable cause supported the negligence and fraud causes of actions. As we have noted, to withstand a suit in malicious prosecution, probable cause must support *each* cause of action. (*Crowley v. Katleman, supra,* 8 Cal.4th at p. 679.) Our reversing summary dismissal of the conversion claim means at most that probable cause supported that claim. It says nothing, however, about the fraud and negligence claims. Indeed, we affirmed dismissal of the fraud cause of action, thereby suggesting, if anything, that the claim *lacked* probable cause.

Respondents contend their three causes of action were supported by the same "primary right"—the right not to have their videotapes stolen. Hence, according to respondents, if probable cause supported one cause of action, then all causes of action were sustained by probable cause because they were all attempting to remedy the same wrong: stolen videotapes. The contention runs afoul of our Supreme Court's reasoning in *Crowley v. Katleman, supra,* 8 Cal.4th 666. There, a malicious prosecution defendant made the same assertion, arguing the primary right doctrine meant it could not be liable for malicious prosecution if probable cause supported at least one of its causes of action. Our Supreme Court rejected that argument. It explained, "[The defendant contends] if there was probable cause to assert the violation of that primary right on any one theory of liability, such probable cause is sufficient to defeat a malicious prosecution claim even if the other theories of liability lacked probable cause. [¶] The reasoning is flawed by a non sequitur. It is true that under the primary right theory a properly pleaded cause of action must be premised on a single primary right even though it states multiple grounds of liability. But it does not follow from the primary right theory that probable cause to assert that cause of action on one ground of liability defeats a malicious prosecution claim when the other grounds lacked probable cause. . . ." (*Id.* at p. 683, italics omitted.)

Respondents observe that termination of the underlying lawsuit in favor of appellants is an element of malicious prosecution. (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].) Here, respondents note their lawsuit against appellants had not terminated when appellants filed their malicious prosecution complaint because dismissal of respondent's complaint was on appeal. However, respondents' appeal has since been dismissed, rendering their contention moot.

Finally, respondents contend appellants were obligated first to seek relief from the underlying trial court if they believed respondents' lawsuit was malicious before suing in a separate action for malicious prosecution. Although that may be a desirable course (see *Sheldon Appel Co. v. Albert & Oliker, supra,* 47 Cal.3d at p. 874), respondents cite no authority it is a prerequisite to a malicious prosecution action.

## DISPOSITION

The judgment is reversed and the trial court is directed to enter a new and different order denying respondents' motion for judgment on the pleadings. Appellants to recover their costs on appeal.

Grignon, Acting P. J., and Armstrong, J., concurred.