
[No. B159487. Second Dist., Div. Six. Sept. 23, 2002.]

DAVID M. FLEISHMAN, Petitioner, v.
THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY,
Respondent;
CHESTER SALISBURY, Real Party in Interest.

---

**COUNSEL**

Lewis D'Amato, Brisbois & Bisgaard, Bruce L. Shaffer and Andreas C. Rockas for Petitioner.

No appearance for Respondent.

Thomas M. Morlan for Real Party in Interest.

---

**OPINION**

**YEGAN, J.**—David M. Fleishman (petitioner), an attorney for Sunterra Corporation (hereafter Sunterra), seeks extraordinary writ review of the trial

court's order denying his motion for judgment on the pleadings in a malicious prosecution action filed against him. Chester Salisbury (Salisbury), a former Sunterra employee, alleges that petitioner maliciously prosecuted an earlier action (hereafter Sunterra's action) against him. In that action, the trial court granted Sunterra's application for a preliminary injunction. Petitioner contends that the issuance of the preliminary injunction conclusively establishes that Sunterra's entire action was brought with probable cause. We agree and order the issuance of a peremptory writ of mandate.

## FACTS AND PROCEDURAL HISTORY

Petitioner filed the Sunterra action in July 1999. The complaint alleged as follows: Salisbury was employed by Sunterra to sell time-share interests in the San Luis Bay Inn (hereafter the Inn). In April 1999 Sunterra terminated his employment. Salisbury thereafter "solicited owners of timeshare interests [in] the . . . Inn . . . to sell their timeshare interests using [Salisbury] as broker[] and salesperson[] in the transaction." He induced Craig and Anne Swanson (hereafter the Swansons) to terminate a contract with Sunterra for the purchase of a time-share interest in the Inn. In addition, Salisbury misappropriated Sunterra's trade secrets, falsely advertised that he was affiliated with the Inn, and conducted his brokerage activities under unlicensed fictitious business names.

The Sunterra complaint contained six causes of action: (1) intentional interference with Sunterra's contractual relationship with the Swansons; (2) unfair competition; (3) false advertising; (4) conducting real estate brokerage activities under unlicensed fictitious business names (Cal. Code Regs., tit. 10, § 2731); (5) misappropriation of trade secrets in violation of the Uniform Trade Secrets Act (Civ. Code, § 3426 et seq.); (6) common law misappropriation of trade secrets. Sunterra sought damages under the first and sixth causes of action, injunctive relief under the second, third, and fourth causes of action, and both damages and injunctive relief under the fifth cause of action.

The trial court granted Sunterra's application for a temporary restraining order. It subsequently issued a preliminary injunction prohibiting Salisbury from: (1) destroying documents memorializing Sunterra's trade secrets; (2) disclosing or using Sunterra's trade secrets; (3) "soliciting any customers of [Sunterra] whose identities or product preferences became known to Salisbury during his employment with [Sunterra];" (4) making false or misleading statements concerning his affiliation with Sunterra, the Inn, or his provision of real estate sales services; and (5) "conducting real estate sales and brokerage activities under [fictitious] business names without possession

of a real estate license for such fictitious business names, unless working under a licensed broker[.]"

In November 2000 Sunterra voluntarily dismissed its action without prejudice. In November 2001 Salisbury filed the within malicious prosecution action against petitioner. The complaint consisted of a single cause of action. The trial court overruled petitioner's demurrer and denied his motion for judgment on the pleadings.

## Standard of Review

"A motion for judgment on the pleadings performs the same function as a general demurrer, and hence attacks only defects disclosed on the face of the pleadings or by matters that can be judicially noticed. [Citations.]" (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 999 [79 Cal.Rptr.2d 544].) " '[W]e are not bound by the determination of the trial court, but are required to render our independent judgment on whether a cause of action has been stated.' [Citation.]" (*Lance Camper Manufacturing Corp. v. Republic Indemnity Co.* (1996) 44 Cal.App.4th 194, 198 [51 Cal.Rptr.2d 622].)

## Issuance of Preliminary Injunction Conclusively Establishes Probable Cause for Bringing Action

"[T]o establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations].' [Citations.]" (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871-872 [254 Cal.Rptr. 336, 765 P.2d 498].)

"Probable cause, for purposes of a malicious prosecution action, is a legal issue, not a factual one. [Citation.]" (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 825 [123 Cal.Rptr.2d 19, 50 P.3d 733] (hereafter *Wilson*).) "[P]robable cause exists if 'any reasonable attorney would have thought the claim tenable.' [Citation.] . . . Only those actions that ' "any reasonable attorney would agree [are] totally and completely without merit" ' may form the basis for a malicious prosecution suit. [Citation.]" (*Id.*, at p. 817.)

"Claims that have succeeded at a hearing on the merits, even if that result is subsequently reversed by the trial or appellate court, are not so lacking in

potential merit that a reasonable attorney or litigant would necessarily have recognized their frivolousness." (*Wilson supra*, 28 Cal.4th at p. 818.)[1] Such claims include those that have withstood a special motion to strike under California's anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16). In *Wilson* our Supreme Court held: "[A] trial court's denial of a motion to strike under section 425.16, on the ground that the plaintiff has established the requisite probability of success, establishes probable cause to bring the action, and precludes the maintenance of a subsequent malicious prosecution action, unless the prior ruling is shown to have been obtained by fraud or perjury." (*Wilson*, at p. 820.) The court reasoned: "The rights of litigants and attorneys to bring nonfrivolous civil actions, ' "even if it is extremely unlikely that they will win" ' [citation], would be unduly burdened were they exposed to tort liability for malicious prosecution for actions that had been found potentially meritorious under section 425.16." (*Ibid.*) On the other hand, "denial of the motion solely on technical or procedural grounds, . . . rather than because the plaintiff has shown a probability of success, would say nothing about the action's potential merit and would not establish probable cause." (*Id.*, at pp. 823-824.)

To defeat an anti-SLAPP motion by establishing a probability of success on the merits, "the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' [Citations.]" (*Wilson, supra*, 28 Cal.4th at p. 821.) "A claim that is legally sufficient and can be substantiated by competent evidence is . . . one that a 'reasonable attorney would have thought . . . tenable.' [Citation.]" (*Ibid.*)

▇▇▇ If the denial of an anti-SLAPP motion based on the action's potential merit conclusively establishes probable cause for the action, the issuance of a preliminary injunction must have the same effect. " ' "To issue an injunction is the exercise of a delicate power, requiring great caution and sound discretion, and rarely, if ever, should [it] be exercised in a doubtful case. . . ." ' [Citations.]" (*Ancora-Citronelle Corp. v. Green* (1974) 41 Cal.App.3d 146, 148 [115 Cal.Rptr. 879].) ▇▇▇ "In deciding whether to issue a preliminary injunction, a trial court must evaluate two interrelated factors: (i) the likelihood that the party seeking the injunction will ultimately prevail on the merits of his claim, and (ii) the balance of harm presented, i.e.,

---

[1] The rule makes it clear that events subsequent to a hearing on the merits are inapposite. Here Salisbury has lodged the Swansons' depositions taken after the injunction issued to show that the first cause of action was without factual basis. This is an attempt to impeach the injunction. Such information should have been timely presented to the trial court before the injunction issued. (See *People v. Superior Court (Lavli)* (1993) 4 Cal.4th 1164, 1173-1174, fn. 5 [17 Cal.Rptr.2d 815, 847 P.2d 1031].)

the comparative consequences of the issuance and nonissuance of the injunction. [Citations.]" (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 441-442 [261 Cal.Rptr. 574, 777 P.2d 610], fn. omitted.) "[A]n injunction pendente lite must not issue unless it is reasonably probable that the moving party will prevail on the merits [citations] . . . ." (*San Francisco Newspaper Printing Co. v. Superior Court* (1985) 170 Cal.App.3d 438, 442 [216 Cal.Rptr. 462]; accord, *Weingand v. Atlantic Sav. & Loan Assn.* (1970) 1 Cal.3d 806, 820 [83 Cal.Rptr. 650, 464 P.2d 106]; *Trader Joe's Co. v. Progressive Campaigns* (1999) 73 Cal.App.4th 425, 429 [86 Cal.Rptr.2d 442]; see also *College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715 [34 Cal.Rptr.2d 898, 882 P.2d 894] ["the trial court may indeed have to predict a 'reasonable probability' of success *on the merits* before granting the extraordinary remedy of a preliminary injunction"].) The plaintiff bears the burden of presenting facts establishing the requisite reasonable probability: "[T]he drastic remedy of an injunction pendente lite may not be permitted except upon a sufficient factual showing, by someone having knowledge thereof, made under oath or by declaration under penalty of perjury." (*Ancora-Citronelle Corp. v. Green, supra,* 41 Cal.App.3d at p. 150.)

Before issuing a preliminary injunction, the trial court must "carefully weigh the evidence and decide whether the facts require[] such relief." (*Kaplan's Fruit & Produce Co. v. Superior Court* (1979) 26 Cal.3d 60, 66 [160 Cal.Rptr. 745, 603 P.2d 1341].) The court evaluates the credibility of witnesses and makes factual findings on disputed evidence. (*People v. Landlords Professional Services, Inc.* (1986) 178 Cal.App.3d 68, 71 [223 Cal.Rptr. 483].) A less strict standard applies to an anti-SLAPP motion. ▮ In considering such a motion, the trial court "does not *weigh* the credibility or comparative probative strength of competing evidence . . . ." (*Wilson, supra,* 28 Cal.4th at p. 821.) Nor does it "decide disputed questions of fact . . . ." (*Id.,* at p. 822.) An anti-SLAPP motion must be denied "if the plaintiff presents evidence establishing a prima facie case which, if believed by the trier of fact, will result in a judgment for the plaintiff. [Citation.]" (*Mattel, Inc. v. Luce, Forward, Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 1188 [121 Cal.Rptr.2d 794].)

▮ Salisbury contends that the issuance of a preliminary injunction conclusively establishes probable cause only if the trial court has conducted "a full and fair evidentiary hearing on the merits." Along with his return to the alternative writ of mandate, Salisbury submitted a declaration under penalty of perjury alleging that "no real hearing took place" because the trial court erroneously precluded him from presenting evidence at the hearing. Salisbury claims that the basis for the court's preclusion ruling was that he "had not filed a responsive pleading or opposition within the specified time period."

■ " 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) There is no reporter's transcript of the hearing on the preliminary injunction, and the minutes show that no reporter was present. On this silent record, we must presume that the trial court conducted the hearing in a procedurally correct manner. Furthermore, Salisbury's own declaration discloses that he was given the opportunity for a "full and fair evidentiary hearing on the merits." That he did not timely file a responsive pleading or opposition is attributable solely to himself. We must also presume that the trial court did not issue the preliminary injunction because of Salisbury's procedural default. Sunterra was required to "demonstrate a reasonable probability of success on the merits." (*Tyler v. County of Alameda* (1995) 34 Cal.App.4th 777, 783 [40 Cal.Rptr.2d 643].)

■ In any event, for our purposes it is inconsequential whether the trial court committed procedural error at the hearing on the preliminary injunction. The trial court credited the verified complaint and a declaration by an officer of Sunterra that substantiated legally cognizable claims. Pursuant to our Supreme Court's reasoning in *Wilson,* this prima facie showing was *alone* sufficient to establish probable cause irrespective of whether Salisbury was erroneously precluded from presenting evidence to the contrary: "A litigant or attorney who possesses competent evidence to substantiate a legally cognizable claim for relief does not act tortiously by bringing the claim, even if also aware of evidence that will weigh against the claim. Plaintiffs and their attorneys are not required, on penalty of tort liability, to attempt to predict how a trier of fact will weigh the competing evidence, or to abandon their claim if they think it likely the evidence will ultimately weigh against them. They have the right to bring a claim they think unlikely to succeed, so long as it is arguably meritorious. [Citation.]" (*Wilson, supra,* 28 Cal.4th a p. 822, fn. omitted.) "Indeed, a plaintiff or his or her attorney may *not* be aware, when initiating the action, of evidence in the defendant's possession that weighs against the claim. Considering the plaintiff's prima facie case alone is appropriate for this reason as well, for probable cause to bring an action depends on the facts known to the litigant or attorney at the time the action is brought. [Citation.]" (*Id.,* at p. 822, fn. 6.)

No evidence has been presented that the trial court's ruling was obtained by fraud or perjury. The issuance of the preliminary injunction was based upon "a hearing on the merits" and not "solely on technical or procedural grounds." (*Wilson, supra,* 28 Cal.4th at p. 823.) Its issuance, therefore, conclusively establishes probable cause for bringing the underlying causes of action.

*To Preclude a Claim of Malicious Prosecution, the Preliminary Injunction*
*Must Reasonably Relate to All Causes of Action*

"To preclude a later claim of malicious prosecution, a plaintiff must have probable cause for each cause of action it alleges against a defendant. [Citation.]" (*Videotape Plus, Inc. v. Lyons* (2001) 89 Cal.App.4th 156, 161 [107 Cal.Rptr.2d 1]; accord, *Crowley v. Katleman* (1994) 8 Cal.4th 666, 671 [34 Cal.Rptr.2d 386, 881 P.2d 1083]; *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 57, fn. 5 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].) Consequently, if the issuance of the preliminary injunction establishes probable cause for some but not all of Sunterra's six causes of action, the trial court properly denied petitioner's motion for judgment on the pleadings. We hold that where, as here, all causes of action are reasonably related to the preliminary injunction, the granting of injunctive relief conclusively establishes that each cause of action was brought with probable cause.

Salisbury contends that the preliminary injunction was unrelated to the first, fifth, and sixth causes of action. His contention is clearly without merit as to the fifth and sixth causes of action, which sought damages and injunctive relief for statutory and common law misappropriation of trade secrets. The preliminary injunction prohibited Salisbury from destroying documents memorializing Sunterra's trade secrets and from disclosing or using its trade secrets. The trial court would not have prohibited these actions unless it had concluded that there was a reasonable probability Sunterra would prevail on the merits on the causes of action for misappropriation of trade secrets.

The first cause of action, intentional interference with a contractual relationship, presents a closer question. It alleged that the Swansons and Sunterra had entered into a written contract whereby the Swansons agreed to purchase a timeshare interest in the Inn. Salisbury induced the Swansons to terminate the contract by offering to resell them a time-share interest in the Inn at a much lower price. This cause of action sought only damages, and the preliminary injunction did not prohibit Salisbury from intentionally interfering with Sunterra's contractual relationships. It prohibited him from soliciting Sunterra's customers "whose identities or product preferences became known to [him] during his employment with [Sunterra]." No evidence was presented that Salisbury had obtained information about the Swansons while so employed.

But the first cause of action must not be viewed in a vacuum. The preliminary injunction was reasonably related to the first cause of action

because it sought to prevent sales activities engaged in by Salisbury during the Swansons transaction. For example, the injunction prohibited Salisbury from using Sunterra's "trade secrets or confidential and proprietary information." The verified complaint alleged that this information included "[d]etails as to the types of timeshare interests sold to [Sunterra's] customers; [¶] [Sunterra's] strategies and plans as to the pricing of timeshare interests . . . ; [¶] [and] [d]etails of the techniques used in the sale of Sunterra's timeshare interests[.]" The complaint could have been drafted with more precision. It could have expressly alleged that Salisbury had used this confidential information to his advantage in the transaction with the Swansons. The complaint did allege that Salisbury had used the information "in the course of competing with [Sunterra]," giving him "a substantial competitive advantage to which [he was] not entitled." The fair import of this allegation is that Salisbury did use confidential information in the Swanson transaction.

Thus, all causes of action were reasonably related to the preliminary injunction. All arose out of Salisbury's brokerage activities concerning the resale of timeshare interests in the Inn, and these activities involved conduct prohibited by the preliminary injunction. Accordingly, the issuance of the preliminary injunction conclusively establishes that Sunterra's entire action was brought with probable cause. Since the absence of probable cause is an element of a malicious prosecution action, the trial court erred in denying petitioner's motion for judgment on the pleadings.

### Disposition

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying petitioner's motion for judgment on the pleadings and to enter a new and different order granting the motion. Costs in this proceeding are awarded to petitioner.

Gilbert, P. J., and Coffee, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied December 18, 2002.