Filed 4/18/13  Scognamillo v. Hoang CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| FRANK JOSEPH SCOGNAMILLO, | B236967 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NF008127) |
| v. | |
| THU SUONG HOANG, | |
| Defendant and Appellant. | |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Lori R. Behar, Commissioner.  Affirmed.

        Law Offices of Fred J. Knez and Fred J. Knez for Defendant and Appellant.

        Law Office of John A. Tkach, John A. Tkach; and Michael E. Eller for Plaintiff and Respondent.

————————————————

# INTRODUCTION

Appellant Thu Suong Hoang (Mother) appeals from a judgment establishing parental relationship and determining custody and visitation between her and respondent Frank Joseph Scognamillo (Father), over their minor daughter, Hailey. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

Father initiated this action with a petition to establish parental relationship, child custody and visitation over then-six-year-old Hailey on June 18, 2009.[1] He sought legal and physical custody over Hailey, with visitation for Mother. In his supporting declaration, he indicated that the precipitating factor for his petition was Mother's intention to move away from the San Pedro area, where they had lived and where Hailey attended school, to the Riverside area.

Father filed an ex parte application for an order to show cause on July 7, 2009, requesting legal and primary physical custody of Hailey and an order that Mother not remove Hailey from Los Angeles County or enroll her in school in Riverside County pending a hearing in the case.

Mother filed a responsive declaration requesting that Hailey be released to her and "temporary legal and physical custody pursuant to status quo of de facto custody." Mother stated that she had had primary custody of Hailey, with Father and the paternal grandmother having custody of Hailey part-time. Mother was going to move to Corona, where she had more family support and she could afford a nicer apartment. She had already enrolled Hailey in school there and had arranged for child care.

---

[1] Father and Mother were never married to one another and, although they had lived together for a period of time, they were not living together at the time the petition was filed.

2

The trial court granted Father's ex parte application on July 7, 2009. Mother filed additional paperwork in opposition to the application and in August 2009, she filed her response to the petition. She also sought legal and physical custody over Hailey.

There was a good deal of animosity and gamesmanship between the parties and attempts to manipulate Hailey. As a result, following hearings on July 21 and 22, the trial court issued an order on October 23, 2009. The order provided that pending a further hearing, the parties were awarded joint legal custody with the shared right to make decisions as to Hailey's health, education and welfare. The parties were to communicate by email and contact each other by telephone only in case of emergency. The court also ordered them not to make disparaging remarks about one another in Hailey's presence or hearing. The order included a custody schedule. It further provided that it was made without prejudice to either party and was "not meant to create the status quo."

The case dragged on and the animosity continued. On July 25, 2011, Mother filed a petition for modification of child custody. She sought primary physical custody of Hailey and for Hailey to start attending school in Riverside County beginning in the fall. In her supporting declaration, Mother stated that Hailey had been having behavioral and academic problems at school. In addition, she stated that the paternal grandmother was undermining her authority over Hailey.

In response, Father filed objections to Mother's declaration and his own declaration, in which he claimed that Mother was the cause of Hailey's problems at school. He also accused Mother of attempting "to brainwash Hailey into believing that her grandmother is bad."

Judgment was entered on September 6, 2011. The court awarded the parties joint legal custody over Hailey, with Father to have primary physical custody. It ordered the parties to "consult with each other on issues of childcare, education, health and other major decisions. The Court finds that it is in Hailey's best interest for the parties to develop a cooperative attitude for working together and making decisions." The court set

3

out a custody schedule and specified matters as to which the parties were to consult and obtain permission from one another.

## DISCUSSION

### A. *Standard of Review*

A court has broad discretion in making a child custody determination and may award custody to either parent based on "the best interest of the child." (Fam. Code, § 3040, subd. (b).) Under the statutory scheme governing child custody and visitation determinations, the overarching concern is the best interest of the child. (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256.) Appellate reversal of custody and visitation orders is justified only for abuse of discretion. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)

In reviewing the trial court's exercise of discretion, we do not substitute our judgment for that of the trial court but determine only if any judge reasonably could have made such an order. (Cf. *In re Marriage of Schlafly* (2007) 149 Cal.App.4th 747, 753.) We determine "only 'whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion.'" (*In re Marriage of Berger* (2009) 170 Cal.App.4th 1070, 1079.) To meet the substantial evidence standard, the court's factual determination must be based on "evidence of ponderable legal significance, evidence that is reasonable, credible and of solid value." (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651.) "The appellant has the burden of showing there is no evidence of a sufficiently substantial nature to support the finding or order." (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)

In determining whether the trial court acted reasonably in making the order, we must also determine if there is a "reasonable basis on which the court could conclude its decision advanced the best interests of the child. [Citations.] . . . '[A]ll exercises of legal discretion must be grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue.' [Citations.] Therefore, a

4

discretionary decision may be reversed if improper criteria were applied or incorrect legal assumptions were made.  [Citation.]  Alternatively stated, if a trial court's decision is influenced by an erroneous understanding of applicable law or reflects an unawareness of the full scope of its discretion, it cannot be said the court has properly exercised its discretion under the law.  [Citations.]  Therefore, a discretionary order based on the application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal even though there may be substantial evidence to support that order.  [Citations.]  If the record affirmatively shows the trial court misunderstood the proper scope of its discretion, remand to the trial court is required to permit that court to exercise informed discretion with awareness of the full scope of its discretion and applicable law.  [Citations.]  The appellant bears the burden of showing a trial court abused its discretion.  [Citation.]"  (*F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 15-16, italics omitted.)

## B. *Consideration of the Parties' De Facto Custody Arrangement in Making the Initial Custody Determination*

Mother contends the trial court abused its discretion in awarding Father primary physical custody of Hailey because it failed to determine whether Mother had primary physical custody under the parties' de facto custody arrangement.  Had it made that determination, she asserts, it would have found that she had primary physical custody. Once it made that finding, the question before it would have been whether Father met his burden of showing that a change in custody was in Hailey's best interests, and Father failed to make that showing.  Therefore, Mother concludes, since there is no substantial evidence that a change in custody was in Hailey's best interests, the trial court abused its discretion in awarding primary physical custody to Father.

As discussed above, the record must affirmatively show that the trial court misunderstood the scope of its discretion, and Mother, as the appellant, has the burden of pointing out how the record shows this misunderstanding.  (*F.T. v. L.J.*, *supra*, 194 Cal.App.4th at p. 16.)  In her opening brief, Mother attempted to meet her burden by

5

pointing to all the evidence which supports a finding that she had primary physical custody of Hailey. This was insufficient.

In addressing an appeal, we begin with the presumption that the judgment of the trial court is correct. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Fleishman v. Superior Court* (2002) 102 Cal.App.4th 350, 357.) "We will indulge all intendments and presumptions to support the judgment on matters as to which the record is silent and prejudicial error must be affirmatively shown. [Citations.]" (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 267.) In the absence of a statement of decision, we presume the trial court found every fact necessary to support the judgment. (*Ibid*.; *Noguchi v. Civil Service Com.* (1986) 187 Cal.App.3d 1521, 1544.) The question on appeal is whether there is substantial evidence to support such findings. (*Shaw*, *supra*, at p. 267; *Noguchi*, *supra*, at p. 1543.)

The appellant has the burden of ""'"demonstrat[ing] that there is *no* substantial evidence to support the challenged findings." (Italics added.) [Citations.] A recitation of only [appellant's] evidence is not the "demonstration" contemplated under the above rule. [Citation.]'" (*People v. Dougherty* (1982) 138 Cal.App.3d 278, 282.) Rather, the appellant must set forth all the material evidence, both "'favorable and unfavorable, and show how and why it is insufficient.'" (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409, italics omitted; *Dougherty*, *supra*, at p. 282.) Failure to do so forfeits on appeal the challenge to the sufficiency of the evidence. (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218; *Dougherty*, *supra*, at p. 282.)

As Father points out in his brief, Mother failed to set forth all the evidence on the custody issue in her opening brief. In response to respondent's claim that her contention therefore is forfeited, Mother argues in her reply brief that "[t]he point raised by Mother, is **not** that the Trial Court made an *incorrect* finding with regard to the defacto [*sic*] custodial parent, but that the Trial Court failed to make *any* finding as to the defacto [*sic*] custodial parent. Furthermore, the Trial Court failed to make any analysis of this issue. This inquiry was essential in order for the Trial Court to proceed under the correct standard."

6

Mother points out that at the July 21, 2009 hearing, she argued that "if your honor felt able to make a determination that my client was the primary custodial parent on a de facto basis, even though there are no orders in this case, no permanent paperwork has ever been filed, then I think that we would have the argument that the burden had shifted to [Father] to show that the move would be detrimental to the child."

At the end of the day, however, the trial court stated: "I know that there's a lot more that both of you want to tell me. I appreciate that. And I understand it, but I have to make some temporary orders today to get us through until the next hearing date. I'm not making any determination as to what the custody time has been until now because I have not heard all of the evidence on that[.]"

After hearing all of the evidence, the trial court stated that it was in Hailey's best interests to stay in San Pedro. Mother complains that "[i]nstead of making any defacto [*sic*] analysis, the Trial Court proceeded directly to a determination that the best interests of Hailey would be served by continuing to attend school in San Pedro . . . ." Thus, Mother states, "there is no portion of the record where the Trial Court made a finding as to the defacto [*sic*] arrangement . . . ."

The place where that finding would have been made would have been a statement of decision, which Mother did not request. "'In a nonjury trial the appellant preserves the record by requesting and obtaining from the trial court a statement of decision . . . . The statement of decision provides the trial court's reasoning on disputed issues and is our touchstone to determine whether or not the trial court's decision is supported by the facts and the law.' [Citation.]" (*Shaw v. County of Santa Cruz*, *supra*, 170 Cal.App.4th at p. 268.) The court's oral comments during the trial are not a substitute for a statement of decision. Even if such comments suggest that the trial court misunderstood the applicable law, "[a]bsent [a] contrary indication in the final judgment or statement of decision, the appellate court will assume that, during the period before [the] rendition of judgment, the trial court realized any error and corrected it." (*Ibid*.)

In the absence of a statement of decision, the record does not "affirmatively show[] the trial court misunderstood the proper scope of its discretion" (*F.T. v. L.J.*,

*supra*, 194 Cal.App.4th at p. 16) by failing to determine whether Mother had primary physical custody under the parties' de facto custody arrangement. Mother failed to meet her burden of demonstrating error by an adequate record. (*Ibid.*; accord, *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 318.) As to the question whether substantial evidence supports the trial court's implied findings, that issue has been forfeited by Mother's failure to set forth all evidence on the issue. (*Doe v. Roman Catholic Archbishop of Cashel & Emly*, *supra*, 177 Cal.App.4th at p. 218; *Huong Que, Inc. v. Luu*, *supra*, 150 Cal.App.4th at p. 409.)

To the extent Mother's remaining contentions are simply variations on her claims that the trial court misunderstood the scope of its discretion and the evidence does not support its judgment, those contentions are similarly forfeited by Mother's failure to obtain a statement of decision or to fairly set forth the evidence on the question. Mother claims that because the trial court should have found her to be the primary custodial parent, Father bore the burden of proving that a change of custody was in Hailey's best interests, and he failed to meet that burden. Since we have no statement of decision explaining the trial court's reasoning on these issues to enable us to determine whether or not the trial court's determinations as to primary custody and burden of proof are supported by the facts and the law (*Shaw v. County of Santa Cruz*, *supra*, 170 Cal.App.4th at p. 268), we presume the trial court found every fact necessary to support the judgment. (*Id.* at p. 267; *Noguchi v. Civil Service Com.*, *supra*, 187 Cal.App.3d at p. 1544).

Mother further contends the trial court abused its discretion in adopting the recommendation of the evaluator, because that evaluation was based on improper criteria and applied factors which held less weight than stable and continuing contact with the primary custodial parent. But we have no statement of decision showing that the trial court relied on the evaluator's recommendation or the weight it gave to the various factors it considered. Again, the contention is forfeited. (*Shaw v. County of Santa Cruz*, *supra*, 170 Cal.App.4th at pp. 267-268; *Noguchi v. Civil Service Com.*, *supra*, 187 Cal.App.3d at p. 1544.)

8

The result is the same with respect to Mother's claim that the trial court abused its discretion by failing to apply the correct legal analysis, which required the court to balance the factors set forth in the Family Code as well as matters of public policy. There is no statement of decision to show what factors the trial court considered in reaching its judgment, so the record does not demonstrate that the trial court failed to apply the correct legal analysis. (*Shaw v. County of Santa Cruz*, *supra*, 170 Cal.App.4th at pp. 267-268; *Noguchi v. Civil Service Com.*, *supra*, 187 Cal.App.3d at p. 1544.)

Mother finally claims that the effect of the trial court's order was to place primary physical custody of Hailey with the paternal grandmother, who the trial court recognized had "exercised too much control." At this point, her claim is speculation. If it turns out to be the case, Mother is free to seek modification of the trial court's order.

## DISPOSITION

The judgment is affirmed. Father shall recover his costs on appeal.

JACKSON, J.

We concur:

PERLUSS, P. J.

ZELON, J.

9