Filed 8/8/16  Gonzalez v. Burtech Pipeline CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| WECESLAO S. GONZALEZ et al., | |
| Cross-complainants and Appellants, | E063314 |
| v. | (Super.Ct.No. MCC1400499) |
| BURTECH PIPELINE INCORPORATED, | OPINION |
| Cross-defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Gloria Trask, Judge.

Affirmed.

Weceslao S. Gonzalez, in pro. per.; Marisela Castaneda, in pro. per.; and Juan B.

Castaneda, in pro. per., for Cross-complainants and Appellants.

Finch, Thornton & Baird, Jason R. Thornton and M. Katy Ross for Cross-

defendant and Respondent.

1

Defendant, Jose Garcia, a foreman for plaintiff, Burtech Pipeline Incorporated (Burtech), fraudulently submitted payroll information, resulting in paychecks written for employees not qualified for the hourly rate reported and who did not work the hours reported. The payroll checks were cashed by defendant, Weceslao S. Gonzalez (Gonzalez), at various check cashing establishments, including Mailboxes Y Mas, operated by codefendants, Juan B. Castaneda and Marisela Castaneda (the Castenedas). Burtech sued Garcia, Gonzalez, and the Castenadas for damages arising from the fraudulent scheme. Gonzalez and the Castanedas (collectively referred to as cross-complainants) cross-complained, alleging that they had suffered financial and reputation losses as a result of being indirectly associated with Garcia's activity and named as defendants in Burtech's complaint. Burtech filed a special motion to strike the cross-complaint pursuant to Code of Civil Procedure section 425.16[1] (anti-SLAPP, or strategic lawsuits against public participation), which was granted; cross-complainants appealed.

On appeal, cross-complainants argue that the trial court erred in (1) granting Burtech's special motion to strike the cross-complaint and (2) awarding Burtech attorney fees. We affirm.

## I. BACKGROUND

We summarize the facts as set forth in the complaint and cross-complaint. Jose Garcia worked as a foreman for Burtech, a general contracting firm specializing in

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

underground sewer, water, and storm drain construction and installation. As foreman, Garcia was responsible for oversight of employees and completion of field paperwork, including daily time sheets for field employees, which meant he was responsible for providing accurate time sheets and turning them in to Burtech's offices weekly.

Garcia engaged in a scheme of diverting hundreds of thousands of dollars from Burtech by hiring employees who were not qualified for the hourly rate reported and who did not work as many hours as were reported to the payroll department. Garcia used the names and hourly rates of other employees who were qualified to receive payment at the rate reported, and had the payroll checks made payable in the name of the qualified individuals, as opposed to the employees actually hired by Garcia at a lower rate to do the work. Gonzalez would then cash the checks for a fee. After the checks were cashed, Garcia either divided the proceeds between himself and the employee, or kept the proceeds for himself. Eventually, the owner of Burtech visited some of the job sites, only to find no workers on-site performing work. Approximately $230,000 was fraudulently diverted by Garcia for an extended period of time without Burtech's knowledge.

Burtech filed its first amended complaint (FAC) against Garcia, Gonzalez, and Doe defendants for conversion, deceit, breach of fiduciary duty, constructive trust, money had and received, unjust enrichment, and violation of Commercial Code section 3404. On July 18, 2014, Burtech filed amendments to the FAC substituting Juan B. Castaneda and Marisela Castaneda, doing business as Mailboxes Y Mas, for Does 1 and 2. The causes of action against cross-complainants related to unjust enrichment and violation of

3

Commercial Code section 3404. Specifically, the Commercial Code claim was based on allegations that the Castanedas willfully failed to require proper identification when cashing checks, and knowingly cashing checks for individuals who were not the payees of the checks.

On December 8, 2014, Gonzalez and the Castanedas filed a cross-complaint against Burtech. The cross-complaint alleged causes of action for facilitation of fraud, negligent hiring, retention, and supervision, equitable estoppel, civil RICO,[2] and statutory fraud. Cross-complainants alleged that Burtech used undocumented laborers and paid them under assumed names, issuing checks to them under the assumed names. The checks were cashed at check cashing places like Mailboxes Y Mas, and cross-complainants were named as defendants as scapegoats for Burtech's complicit conduct. As a consequence, the cross-complaint alleges cross-complainants suffered monetary losses, as well as loss of their reputation, by being indirectly associated with the illegal activity and being named as defendants in Burtech's complaint.

On January 20, 2015, Burtech filed a special motion to strike the cross-complaint pursuant to section 425.16 (anti-SLAPP motion). The trial court granted the motion to strike the entire cross-complaint without leave to amend, on the ground that it arose from protected activity, and that cross-complainants failed to establish the probable validity of their claims. On April 3, 2015, Burtech filed a motion for attorney fees and costs pursuant to section 425.16, subdivision (c). The motion was granted, and Burtech was

_____

[2] Racketeer Influenced and Corrupt Organizations Act. (18 U.S.C. § 1961 et seq.)

4

awarded $17,124.79 in fees and costs.  On April 13, 2015, cross-complainants filed a

notice of appeal from the order granting the special motion to strike the cross-complaint.

## II. DISCUSSION

A. *The Trial Court Properly Granted the Anti-SLAPP Motion.*

Cross-complainants argue that the trial court erred in granting the anti-SLAPP

motion.  They assert the cross-complaint is directed at Burtech's alleged wrongful and

illegal conduct, although they concede that Burtech's FAC was a "protected activity."

We conclude the trial court correctly ruled on the motion.

Section 425.16 authorizes a motion to strike for "'[a] cause of action against a

person arising from any act of that person in furtherance of the person's right of petition

or free speech . . . .'"  (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819.)

The analysis of an anti-SLAPP motion involves two steps:  "First, the court decides

whether the defendant has made a threshold showing that the challenged cause of action

is one 'arising from' protected activity.  (§ 425.16, subd. (b)(1).)  If the court finds such a

showing has been made, it then must consider whether the plaintiff has demonstrated a

probability of prevailing on the claim."  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69,

76.)  Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute will be

subject to being stricken under the statute.  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

We review orders granting or denying anti-SLAPP motions de novo.  (*Oasis West Realty,*

*LLC v. Goldman*, *supra*, at pp. 819-829.)

Burtech had the initial burden of showing that the causes of action against it arose from protected activity. (§ 425.16, subd. (e).) The protection provided for written or oral statements made in connection with judicial proceedings includes communications preparatory to or in anticipation of such proceedings. (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 784.) Statements made in anticipation of litigation are considered privileged. (*Karnazes v. Ares* (2016) 244 Cal.App.4th 344, 353.) Because the statute expressly refers to "any act," which includes communicative conduct such as the filing, funding, and prosecution of a civil action (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056, citing *Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 17-19), it protects allegations contained in a complaint against a SLAPP action. A cross-complaint alleging a cause of action *arising* from the plaintiff's act of filing a complaint against the defendant may qualify as a SLAPP action. (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1373.)

Here, the allegations of the cross-complaint assert cross-complainants were financially and reputationally injured solely by virtue of Burtech's investigation and filing of a lawsuit to seek redress from Garcia's fraudulent scheme, which involved using Gonzalez to cash the payroll checks at check cashing institutions, such as the Castanedas' business. The first cause of action alleges that Burtech "facilitated" Garcia's fraud by engaging in unfair methods of competition in or affecting commerce, in violation of section 45 of title 15 of the United States Code that caused cross-complainants' monetary losses and loss of their reputation "*by being indirectly associated with such illegal*

6

*activity and being named as defendants herein.*" (Italics added.) Having omitted any allegations that they were directly harmed by the alleged unfair business practices, the sole basis for the claim is cross-complainants' potential liability arising from the lawsuit, a protected activity.

The second cause of action similarly alleges that cross-complainants have been "*caused to suffer financial losses and the loss of their reputations for having been wrongfully sued by Burtech,*" establishing that it also arises directly from the protected activity of filing the lawsuit. (Italics added.) The third cause of action seeks equitable estoppel from seeking any damages against cross-complainants, so it directly arose from the protected activity of filing a complaint. The fourth cause of action of the cross-complaint includes similar allegations that cross-complainants were damaged by being named as defendants, and the fifth cause of action alleges cross-complainants suffered financial loss and loss of their reputation by being wrongfully accused of participating in the scheme and exposing each of them to potential criminal liability.

All of the claims in the cross-complaint are based potential damage relating to the fact they were named in a lawsuit by Burtech, a protected activity. Cross-complainants had no direct dealings with Burtech and did not allege any losses from having cashed any of the checks presented by Gonzalez, aside from being named in the amended complaint as being indirectly responsible for Burtech's losses. Having determined that Burtech made its threshold showing that the challenged causes of action arose from protected

7

activity, we must next determine whether Burtech demonstrated a probability of prevailing on its claims, the second prong of the anti-SLAPP analysis.

An anti-SLAPP motion must be denied "'if the plaintiff presents evidence establishing a prima facie case which, if believed by the trier of fact, will result in a judgment for the plaintiff.  [Citation.]'"  (*Fleishman v. Superior Court* (2002) 102 Cal.App.4th 350, 356.)  Whether the plaintiff established a prima facie case is a question of law.  (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965.)

To satisfy this second prong, cross-complainants must substantiate each element of the alleged causes of action through competent, admissible evidence.  (*DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 568.)  "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute."  (*Navellier v. Sletten*, *supra*, 29 Cal.4th at p. 89.)  In making this determination, we must examine the substance of the claims, rather than their form or label:  "The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's activity that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning."  (*Id.* at p. 92, italics omitted.)

Here, the substance of each cause of action of the cross-complaint attempts to attach liability on Burtech for naming cross-complainants in the lawsuit, and thereby indirectly associating them with Garcia's fraudulent scheme and exposing them to

8

potential liability.  None of the causes of action establishes any conduct of Burtech that would give rise to a claim by cross-complaints other than its act of naming them in the action.

First, the claims sounding in fraud (first and fifth causes of action) omit any allegation that Burtech made any representations or promises to cross-complainants, on which they relied to their detriment.  Without a misrepresentation alleged to have been made to cross-complainants, and detrimental reliance by them on such a misrepresentation, the conduct complained of in the first and fifth claims boil down to Burtech's act of filing the lawsuit.  There is no likelihood cross-complainants could prevail against Burtech on those two causes of action.

Second, the negligent hiring, etc., claim alleges injury to cross-complainants solely due to their indirect liability to Burtech arising from the lawsuit.  There is no allegation that Garcia injured, defrauded, or otherwise harmed cross-complainants, so his conduct as an employee of Burtech is not actionable by them, and there is no likelihood they will prevail on it.

Third, the equitable estoppel claim is defective because the equitable estoppel doctrine acts defensively only, such that "a stand-alone cause of action for equitable estoppel will not lie as a matter of law."  (*Behnke v. State Farm General Ins. Co*. (2011) 196 Cal.App.4th 1443, 1463.)  There is no likelihood of prevailing on this claim.

Fourth, while there is a private right of action under the civil RICO statute (see *Cianci v. Superior Court* (1985) 40 Cal.3d 903, 909), it is not covered by section 41 of

9

title 15 of the United States Code as alleged in the cross-complaint (which relates to the establishment and membership composition of the Federal Trade Commission). Cross-complainants did not make the necessary factual allegations to bring Burtech under the purview of the civil RICO statute (18 U.S.C. § 1964 et seq.), and did not produce evidence at the hearing on the anti-SLAPP motion that would support its ability to prove such a claim. There is no likelihood of prevailing on the fourth cause of action.

The trial court properly determined that all of the claims in the cross-complaint arose from protected activity and that cross-complainants failed to establish a probability of prevailing on any of the claims. The motion was properly granted to strike the entire cross-complaint.

B. *The Trial Court Properly Awarded Attorney Fees.*

Cross-complainants assert the trial court erroneously granted Burtech's motion for attorney fees. They assert that the filing of the notice of appeal after the granting of the special motion to strike deprived the trial court of jurisdiction to consider other matters. We disagree.

It is true that under section 916, ordinarily "'the trial court is divested of' subject matter jurisdiction over any matter embraced in or affected by the appeal during the pendency of that appeal." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196-197.) However, "an appeal does not stay proceedings on 'ancillary or collateral matters which do not affect the judgment [or order] on appeal' even though the

proceedings may render the appeal moot." (*Id.* at p. 191, citing *Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938.)

One such ancillary or collateral matter is a motion for attorney fees. A trial court retains jurisdiction to entertain a motion for attorney fees despite the filing of an appeal. (*Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 360, citing *Nazemi v. Tseng* (1992) 5 Cal.App.4th 1633, 1639; see also *Doe v. Luster* (2006) 145 Cal.App.4th 139, 144.)

Cross-complainants do not challenge Burtech's right to seek fees following a successful anti-SLAPP motion, or the amount of fees and costs ordered. The trial court was authorized to hear and award attorney fees after the notice of appeal had been filed.

### III. DISPOSITION

The judgment is affirmed. Burtech is entitled to its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.

11