[No. A108176. First Dist., Div. Three. Oct. 17, 2006.]

KIMBERLY ROBINZINE et al., Plaintiffs and Respondents, v.
JANET VICORY et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

COUNSEL

Allman & Nielsen and Sara B. Allman for Defendants and Appellants.

Law Offices of Ellen Lake, Ellen Lake; Law Office of Anthony J. Sperber and Anthony J. Sperber for Plaintiffs and Respondents.

OPINION

**SIGGINS, J.**—This appeal presents an issue that arises from the interplay between the Workplace Violence Safety Act (Code Civ. Proc., § 527.8),[1] a cause of action for malicious prosecution and the statutory motion to strike

---

[1] Unless otherwise noted all further statutory references are to the Code of Civil Procedure.

that may be brought to dismiss a strategic lawsuit against public participation (§ 425.16) (anti-SLAPP motion). We hold as a matter of law that a malicious prosecution cause of action does not arise from an unsuccessful petition filed under section 527.8. For this reason, plaintiffs could not have established a likelihood of prevailing on the merits of a malicious prosecution claim and it should have been stricken. So, we reverse the trial court's denial of a motion to strike brought under section 425.16.

## BACKGROUND

In October 2003, plaintiffs Kimberly and Clifford Robinzine[2] filed employment-related claims under the Fair Employment and Housing Act (Gov. Code, § 12940 et seq.) and related tort claims against Kimberly's former employer, RPM Company and a number of its agents and employees, including Janet Vicory, Dawn Herrera, Michael Howell and Ricardo Palacio (defendants). Kimberly is half African-American and half Hispanic; Clifford is African-American. The facts alleged recited a history of racial discrimination by RPM and its employees against the Robinzines, who were also RPM employees, including retaliation for internal complaints Kimberly filed about mistreatment and harassment on the job.

Among the discriminatory acts was a series of letters sent to the Robinzines purporting to revoke their parking privileges at the apartment complex where they lived and worked. Clifford, accompanied by his two small children, met with Vicory and Herrera at RPM's office. When he asked about the parking, they yelled at him, chastised him for reading letters addressed to Kimberly, and threatened that if he did not leave they would call the police. Clifford left and called the police, who responded but were unable to resolve the hostility.

The Robinzines' cause of action for malicious prosecution alleges that defendants obtained a temporary restraining order (TRO) and petitioned for an injunction against Clifford under section 527.8 based on "phony allegations of workplace violence" as a pretext for further harassment and retaliation.[3] When defendants were subsequently unable to prove any unlawful

---

[2] Because they share the same last name, for clarity we will refer to plaintiffs by their first names. We intend no disrespect by so doing.

[3] Section 527.8, the Workplace Violence Safety Act, provides a procedure for an employer to obtain injunctive relief against violence or threatened violence against its employees. Subdivision (e) provides that "Upon filing a petition for an injunction under this section, the plaintiff may obtain a temporary restraining order in accordance with subdivision (a) of Section 527, if the plaintiff also files an affidavit that, to the satisfaction of the court, shows reasonable proof that an employee has suffered unlawful violence or a credible threat of violence by the defendant, and that great or irreparable harm would result to an employee. . . . [¶] A temporary

violence committed by Clifford against an RPM employee, the court dissolved the TRO and denied their petition.

Defendants moved to strike the malicious prosecution cause of action under the anti-SLAPP statute.[4] They argued primarily that Clifford could not establish a probability of prevailing on the claim because the issuance of the TRO established that defendants had probable cause to petition for the injunction.

Clifford submitted his own opposing declaration and that of RPM security guard, Mustafa Ali, who witnessed Clifford's incident with Herrera and Vicory. Clifford's declaration denied any violent, harassing or threatening behavior on his part and asserted that defendants' allegations were false. Ali described the incident in the RPM office as follows: "When Mr. Robinzine was in the office, he did not raise his voice, call anyone names, use profanity, or make any threats. I understand it has been alleged that he called someone a 'bitch,' threatened to 'kick their ass,' and was generally belligerent that day. He did not do anything of the sort and he did not do anything that I thought was at all inappropriate or provocative. I don't believe he acted in a manner that would cause a reasonable person to believe that he was dangerous or violent. He simply talked to RPM employees about the note that had been left on his car." Ali further attested, "One or more of the RPM employees (I believe Ms. Vicory and/or Ms. Herrera) became very agitated and shouted for Mr. Robinzine to leave the office or they would call the police. Mr. Robinzine promptly left the office. . . . [¶] I have heard RPM's allegations that Mr. Robinzine had gang affiliations and had made threats of violence against RPM employees. I find this very hard to believe. From my experience, Mr. Robinzine is a very mild-mannered family man who does not project even the slightest image of a violent or dangerous person."

The trial court found the suit was subject to the anti-SLAPP statute, but that Clifford established a reasonable probability of prevailing on the merits of the malicious prosecution claim. Accordingly, it denied the motion to strike. Defendants filed a timely appeal.

## DISCUSSION

### I. *The Anti-SLAPP Statute*

 Section 425.16 provides for the early dismissal of certain unmeritorious claims that are brought to thwart constitutionally protected speech or

---

restraining order granted under this section shall remain in effect, at the court's discretion, for a period not to exceed 15 days, unless otherwise modified or terminated by the court."

[4] The motion also successfully struck an abuse of process claim and Clifford does not challenge that part of the court's ruling.

petitioning activity. (See *Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90, 102 [15 Cal.Rptr.3d 215].) It provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

■ Consideration of a section 425.16 motion to strike involves a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685].) An anti-SLAPP motion must be denied " 'if the plaintiff presents evidence establishing a prima facie case which, if believed by the trier of fact, will result in a judgment for the plaintiff. [Citation.]' " (*Fleishman v. Superior Court* (2002) 102 Cal.App.4th 350, 356 [125 Cal.Rptr.2d 383].) Only a minimal showing of merit is required. (*Yu v. Signet Bank/Virginia* (2002) 103 Cal.App.4th 298 [126 Cal.Rptr.2d 516].)

We review the trial court's ruling on an anti-SLAPP motion independently, and apply the de novo standard of review. (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929 [116 Cal.Rptr.2d 187].)

## II. *Analysis*

■ A malicious prosecution action falls within the purview of the anti-SLAPP statute because it arises from protected activity, i.e., the filing and prosecution of the underlying lawsuit said to be malicious. (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734–735 [3 Cal.Rptr.3d 636, 74 P.3d 737].) Resolution of this appeal turns on the second inquiry relevant to disposition of a motion to strike: whether Clifford presented evidence that, if believed by the trier of fact, was sufficient to support a

judgment in his favor. Whether he has established a prima facie case is a question of law. (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965 [12 Cal.Rptr.3d 54, 87 P.3d 802] (*Zamos*).)

■ To establish a cause of action for malicious prosecution, the plaintiff must prove the prior action was: (1) brought by the defendant and resulted in a favorable termination for the plaintiff; (2) initiated or continued without probable cause; and (3) initiated with malice. (*Zamos, supra*, 32 Cal.4th at pp. 965, 970.) The trial court focused on the second element, the absence of probable cause. Relying on *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811 [123 Cal.Rptr.2d 19, 50 P.3d 733] (*Wilson*), defendants maintain that the issuance of the TRO created a presumption that they had probable cause for their action. To rebut this presumption, they argue, Clifford had to show that they relied on fraudulent evidence to obtain the TRO, and that he failed to do so.

The trial court agreed with defendants that the issuance of the TRO created a presumption of probable cause, but denied the anti-SLAPP motion because Clifford adequately rebutted that presumption. As a factual matter, we agree with the court's assessment.[5] Clifford submitted declarations that directly refuted defendants' version of core events related to the charges against him; Clifford's own declaration refutes the defendants' claims and evidence point by point.[6] This evidence was sufficient to defeat the presumption and establish a prima facie showing that defendants initiated and maintained their petition for injunctive relief without probable cause. (See *Wilson, supra*, 28 Cal.4th at p. 820; *Fleishman v. Superior Court, supra*, 102 Cal.App.4th at p. 356.)

But the factual showing by Clifford does not end our inquiry in this case. Despite the facts, the ruling cannot stand. Following completion of briefing in this case, the Sixth District Court of Appeal held in *Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563 [31 Cal.Rptr.3d 368] (*Siam*) that a cause of action for malicious prosecution cannot be predicated upon an unsuccessful civil harass-

---

[5] As a legal matter, we question *Wilson*'s applicability. The issue in that case was whether the denial of an *anti-SLAPP motion* establishes probable cause for bringing the underlying action, precluding maintenance of a subsequent malicious prosecution suit. (*Wilson, supra*, 28 Cal.4th at p. 815.) This case, in comparison, involves not the denial of an anti-SLAPP motion, but the issuance of a TRO.

[6] Defendants assert in passing that Clifford's declarations were inadmissible. Assuming they preserved their objections in the trial court, they have waived them for appeal by failing to provide this court with relevant authority or argument. (See 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 594, pp. 627–628.)

ment petition under section 527.6.[7] The defendant in *Siam* obtained a TRO upon an alleged misrepresentation to the court, but the court ultimately denied his request for a permanent injunction and dissolved the TRO. (*Siam, supra,* at p. 1568.) The plaintiff sued under various theories, including malicious prosecution, and the trial court denied the defendant's motion to strike brought pursuant to section 425.16. (*Siam,* at p. 1568.)

The Court of Appeal reversed and held as a matter of law that an injunction proceeding under section 527.6 does not support a cause of action for malicious prosecution. The court observed that section 527.6 provides a relatively simple and expeditious remedy; a defendant in such a proceeding is not likely to incur substantial legal fees and does not risk incarceration or financial ruin; and the procedure allows the defendant to file a cross-complaint to address his or her own grievances. "Permitting a malicious prosecution claim to follow an unsuccessful section 527.6 petition," the court observed, "would frustrate this streamlined procedure" and potentially dissuade victims of harassment from seeking relief. (*Siam, supra,* 130 Cal.App.4th at p. 1573.) "We recognize that the Supreme Court has recently explained that just because malicious prosecution suits are disfavored they should not be barred for that reason alone. [Citation.] Our conclusion, however, is not based solely upon the disfavored status of the tort. We are concerned with the sensitive and emotionally charged nature of a section 527.6 petition and the 'unending roundelay of litigation' [citation] that is likely to ensue if a successful defendant is able to counter with a malicious prosecution suit. Our conclusion is also based upon the fact that in enacting section 527.6 the Legislature has provided for speedy resolution of the initial suit and has authorized the imposition of sanctions for frivolous or delaying conduct within the first action. As the Supreme Court has counseled, this is the preferable means for discouraging frivolous lawsuits. [Citation.]" (*Siam,* at p. 1574.)

Given the substantial similarity between petitions under section 527.6 and section 527.8, the reasoning of *Siam* applies equally to both statutes. As we have noted, section 527.8 was enacted to allow employers to seek protections comparable to those offered under section 527.6 to enjoin workplace threats or acts of violence against employees. (*City of Los Angeles v. Animal Defense League* (2006) 135 Cal.App.4th 606, 614–615 [37 Cal.Rptr.3d 632]; see also *Diamond View Limited v. Herz* (1986) 180 Cal.App.3d 612,

---

[7] Section 527.6 provides quick relief to victims of harassment threatened with great or irreparable injury. (*Grant v. Clampitt* (1997) 56 Cal.App.4th 586, 591 [65 Cal.Rptr.2d 727].) The Workplace Violence Safety Act (§ 527.8) was designed to parallel section 527.6, which already provided individuals (not employers) with the right to obtain TRO's in the event of threats of violence. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 68X (1993–1994 1st Ex. Sess.) June 30, 1994, p. 4.)

618–619 [225 Cal.Rptr. 651] [§ 527.6 is available only to natural persons, not business entities]; compare § 527.6, subds. (a), (b), (f) & (*l*) with § 527.8, subds. (a), (b), (c), (d) & (*l*).) Both statutory schemes describe a streamlined process for obtaining a temporary restraining order and preliminary injunction. (Compare § 527.6, subds. (c) & (d) with § 527.8, subds. (e) & (f).) Both envision self-representation by parties without the benefit of counsel, and exempt the process from filing fees. (Compare § 527.6, subds. (e), (m) & (p) with § 527.8, subds. (g), (m) & (p).) They contain similar provisions concerning notification, enforcement and the consequences of any order obtained in the proceedings. (§ 527.6, subds. (g), (h), (j), (k), (n) & (*o*) with § 527.8, subds. (h), (i), (j), (k), (n) & (*o*).) To the extent a defendant may have grievances of his or her own, both statutes permit a cross-complaint. (Compare § 527.6, subd. (d) with § 527.8, subd. (f).)[8] Moreover, a prevailing defendant in an action filed under section 527.8 has available sanctions that can be obtained within the proceeding to redress baseless or harassing allegations. (See § 128.7.)

■ We agree with the *Siam* court's analysis and, by parity of reasoning, hold that petitions under the Workplace Violence Safety Act do not provide a basis for malicious prosecution actions. We conclude, therefore, that while the trial court ruled correctly on the record and argument presented to it at the time, as a matter of law Clifford cannot demonstrate a prima facie case of malicious prosecution based on defendants' section 527.8 petition. Accordingly, the denial of the anti-SLAPP motion must be reversed.[9]

### III. *Attorney Fees**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[8] While the statutes are not identical, the differences do not affect our analysis. The most significant difference is that section 527.6 allows the prevailing party to recover attorney fees and costs, while section 527.8 is silent on the subject. (§ 527.6, subd. (i).) But we see this as a difference that is likely owing to the disparate economic strength of the parties before the court in an action filed under section 527.8. An employer entitled to bring an action under the statute is engaged in a business or enterprise, while the defendant in such an action is an individual. (§ 527.8, subds. (a), (d).) In the circumstances, we can readily understand why the Legislature would choose not to provide for reciprocal attorney fees.

[9] In light of this determination, we need not and do not address defendants' additional contention that the court's denial of their motion "in the absence of evidence of fraud or perjury" creates a conflict between the anti-SLAPP statute and section 527.8. Clifford's request for judicial notice is denied because it is unnecessary to resolution of the appeal. (*Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [31 Cal.Rptr.2d 358, 875 P.2d 73].)

*See footnote, *ante*, page 1416.

## DISPOSITION

The order denying defendants' special motion to strike the malicious prosecution cause of action is reversed. The matter is remanded to the trial court with directions to enter a dismissal as to the malicious prosecution cause of action, to determine costs and attorney fees, and for further proceedings consistent with this opinion.

Parrilli, Acting P. J., and Pollak, J., concurred.