Filed 10/2/14  Whitehead v. Young CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WILLIAM WHITEHEAD,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK YOUNG et al.,<br><br>    Defendants and Appellants. | 2d Civil No. B251147<br>(Super. Ct. No. 56-2013-00434703-CU-PO-VTA)<br>(Ventura County) |

Mark Young and Donahoe & Young, LLP appeal an order denying their special motion to strike a malicious prosecution action filed against them by William Whitehead.  (Code Civ. Proc. § 425.16.)[1]  Whitehead sued Young and his law firm for initiating and maintaining two lawsuits against him on behalf of their clients Paul and Debbie Winchester for damage to their real property.  Whitehead asserts the Winchesters' claims were terminated in his favor by voluntary dismissals and that Young had no probable cause to initiate and maintain the actions.

We conclude that Whitehead met his burden to present facts that, if believed by a trier of fact, demonstrate a reasonable probability he could prevail

---

[1] All statutory references are to the Code of Civil Procedure.

on his malicious prosecution claim and that the trial court did not err by denying his anti-SLAPP motion.

FACTUAL AND PROCEDURAL HISTORY

In May 2002, the Winchesters owned a residence in Santa Paula. In July 2009, they listed the property for sale for $1,195,000.

In November 2009, Whitehead purchased an adjoining property and asked the Winchesters for permission to trim some pepper trees on their property to improve his view. The Winchesters agreed provided the work was done by an arborist at Whitehead's expense. The Winchesters claim Whitehead did far more than simply trim the trees, reducing seven of them to stumps.

The Winchesters consulted an arborist and were told the value of the trees that were cut down was $78,500. An appraiser opined the damage done to the pepper trees reduced the value of the property by $75,000.

But *before* any of the pepper trees were pruned, the Winchesters reduced the listing price of their property to $999,900. It was sold for $1 million in April 2010, *after* the Winchesters claim Whitehead reduced the value of their property by damaging the trees. The buyer reported that the condition of the pepper trees played no part in his decision to purchase the Winchester property. He said the condition of the trees was not even discussed.

*The Winchesters' Complaint for Damage to Real Property*

In June 2010, *after* the Winchesters sold the property, Young filed a complaint for damages against Whitehead on behalf of the Winchesters to recover the claimed reduction in the value of their property and for the value of the trees. After completing some discovery, the Winchesters offered to settle for increasingly smaller sums, eventually agreeing to dismiss the action if Whitehead would waive costs. Whitehead refused to participate in any settlement on any terms. On April 7, 2011, the Winchesters dismissed their action "without prejudice."

2

*Whitehead's First Malicious Prosecution Action*

On June 2010, Whitehead sued the Winchesters for malicious prosecution. He alleged they did not have probable cause to bring the suit because they did not own the property at the time and because they were not damaged since they sold the property for the value they put on it before anything had been done to the trees. Young filed an answer to Whitehead's complaint and included a cross-complaint that reasserted all the claims made in the 2010 complaint that was dismissed by the Winchesters.

Whitehead's malicious prosecution action was short-lived. He dismissed it "without prejudice" only four months later. Even so, Young continued to prosecute the cross-complaint on behalf of the Winchesters for another year. In October 2012 however, the Winchesters filed for bankruptcy protection and dismissed their cross-complaint against Whitehead.

*Whitehead's Second Malicious Prosecution Action*

In April 2013, Whitehead sued Young and his law firm alleging they acted without probable cause in initiating and maintaining claims against him that Young knew were meritless. Whitehead contends Young knew the Winchesters did not own the property at the time he filed the lawsuits on their behalf and knew the Winchesters were not damaged because the law limited their recovery to the lesser of either the reduction in the value of the property or the cost of repairs. Since the property sold for slightly more than what they asked for it, Whitehead claimed the Winchesters suffered no damage and Young's action presented no reasonable probability of a recovery.

*The Anti-SLAPP Motion*

On June 11, 2013, Young filed a special motion to strike under section 425.16 claiming that the Winchesters' voluntary dismissals of their complaint and cross-complaint were not favorable terminations in favor of Whitehead and that there was probable cause to initiate and maintain the suits.

3

The trial court found the property "sold for the adjusted listing price of $999,000 with the condition of the trees not being a factor in the mind of the buyer, nor something [that] was even discussed as part of the [sale] negotiations. . . . [¶] As a consequence, the action by [the] Winchester[s] against Whitehead, filed after the sale of the property was concluded, had little chance of success, a fact [that] should have been known and appreciated by the lawyer defendants in this case." The trial court concluded, "Because of this, Whitehead has a likelihood of success in this case, which is sufficient to warrant denial of the motion."

## DISCUSSION

### Anti-Slapp Statute

A "cause of action for malicious prosecution is recognized as being susceptible to an anti-SLAPP motion." (*Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563, 1570.) "An appellate court reviews an order denying an anti-SLAPP motion under the de novo standard of review." (*Gerbosi v. Gaims, Weil, West & Epstein* (2011) 193 Cal.App.4th 435, 444.)

An anti-SLAPP motion is a two-step process. First, the party seeking to strike a cause of action must make a prima facie showing that it is directed at an act "in furtherance of the constitutional right of petition or free speech in connection with a public issue." (*Coretronic Corp. v. Cozen O'Connor* (2011) 192 Cal.App.4th 1381, 1388.) Whitehead concedes that the claims asserted by the Winchesters qualify as a protected activity.

If the first step is satisfied, then the focus shifts to the second step; viz., determining whether the party opposing the special motion to strike has demonstrated a probability of prevailing on the claim. (*Oasis West Realty v. Goldman* (2010) 51 Cal.4th 811, 820.) To meet the second anti-SLAPP prong, Whitehead must show only a reasonable probability of prevailing.

The court applies a "summary-judgment-like" test by accepting as true the evidence favorable to Young and evaluating Whitehead's evidence only to

4

determine whether Whitehead has defeated Young's cause of action as a matter of law. (*Lefebvre v. Lefebvre* (2011) 199 Cal.App.4th 696, 702.)

*Elements of Malicious Prosecution*

To prevail on his cause of action for malicious prosecution, Whitehead must show that Young initiated proceedings against him and prove that there was (1) a termination of the proceedings in his favor; (2) a want of probable cause; and (3) malice on the part of Young and the firm. (*Centers v. Dollar Markets* (1950) 99 Cal.App.2d 534, 540.)

*Showing on Favorable Termination*

"The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution]." (*Jaffe v. Stone* (1941) 18 Cal.2d 146, 150; *Babb v. Superior Court* (1971) 3 Cal.3d 841, 845.) A voluntary dismissal, even one without prejudice, may be a favorable termination which will support an action for malicious prosecution. (*MacDonald v. Joslyn* (1969) 275 Cal.App.2d 282, 289.)

In this instance, an examination of the circumstances surrounding the claims made by Young for the Winchesters plainly demonstrates that the Winchesters voluntarily dismissed their complaint and cross-complaint because they had no chance of recovering anything from Whitehead. The dismissals were favorable terminations in favor of Whitehead.

*Showing on Lack of Probable Cause and Malice*

An action is deemed to have been pursued without probable cause if it was not legally tenable when viewed in an objective manner as of the time the action was initiated or while it was being prosecuted. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 878.) The test the court is to apply is whether "any reasonable attorney would have thought the claim tenable . . . ." (*Id.*, at p. 886.)

We agree with the conclusion of the trial court that the claims Young initiated and maintained against Whitehead had little chance of being successfully

5

prosecuted and that no reasonable attorney would have believed the claim was tenable because the Winchesters did not own the property when the complaint was filed and received slightly more than what they said it was worth before Whitehead's arborists touched the pepper trees.

Construing the allegations of Whitehead's complaint in the light most favorable to him, it is reasonably probable that a trier of fact will determine there was no probable cause to support the causes of action alleged on the Winchesters' behalf in the initial complaint filed in 2010. It is also reasonably probable that a trier of fact could determine that Young lacked probable cause to resurrect and continue to prosecute the untenable Winchester claims in the cross-complaint filed in 2011.

We also reject Young's claim that Whitehead did not make a sufficient showing that Young and the firm acted with malice in initiating and maintaining two actions against him. If the cause of action is for malicious prosecution, proof of malice does not require a showing of anger or vindictiveness. (*Jackson v. Beckham* (1963) 217 Cal.App.2d 264, 272-273.) Malice "may be inferred from all the circumstances in the case [or] from want of probable cause." (*Ibid.*) Based upon this record a jury could find Young and his firm were instrumental in setting Whitehead's complaint in motion and causing the prosecution of Whitehead to proceed. (*Centers v. Dollar Markets*, *supra*, 99 Cal.App.2d at p. 544.) Further, the tort of malicious prosecution also includes the act of "continuing to prosecute a lawsuit discovered to lack probable cause." (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 973.)

We do not intend to suggest that Whitehead will necessarily succeed in his malicious prosecution action, only that he has met its burden to show a probability of prevailing on the merits, sufficient to survive the anti-SLAPP motions. "An anti-SLAPP motion must be denied '"if the plaintiff presents evidence establishing a prima facie case which, if believed by the trier of fact, will result in a judgment for the plaintiff. . . . ."' [Citation.] Only a minimal showing of merit is required. [Citation.]" (*Robinzine v. Vicory* (2006) 143 Cal.App.4th 1416, 1421.)

DISPOSITION

The order denying the special motion to dismiss is affirmed.  Respondent shall recover his costs.

NOT TO BE PUBLISHED.

BURKE, J.[*]

We concur:

GILBERT, P. J.

PERREN, J.

---

[*] (Judge of the Superior Court of San Luis Obispo County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

7

Henry J. Walsh, Judge

Superior Court County of Ventura
_____

Robert M. Ostrove for Plaintiff and Respondent.

Klinedinst PC and Gregor A. Hensrude for Defendants and Appellants.