**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH PATRICK CUVIELLO, I, | No. 14-16793 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-04951-BLF |
| v. | |
| FELD ENTERTAINMENT, INC., DBA Ringling Bros and Barnum & Bailey Circus; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Joseph Patrick Cuviello, I, appeals pro se from the district court's order

dismissing his 42 U.S.C. § 1983 action alleging a First Amendment violation and

malicious prosecution stemming from defendants' action brought against Cuviello

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Workplace Violence Safety Act, Cal. Civ. Proc. Code § 527.8. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and under California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We affirm.

The district court properly granted defendants' special motion to strike Cuviello's malicious prosecution claim under California's anti-SLAPP statute because Cuviello failed to show a probability of prevailing on the merits as the action was precluded by law. *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013) (once a defendant makes a prima facie showing that the plaintiff's suit arises from defendant's protected activity, the burden then shifts to the plaintiff to establish a reasonable probability that he will prevail on his claim); *Robinzine v. Vicory*, 50 Cal. Rptr. 3d 65, 66 (Ct. App. 2006) ("We hold as a matter of law that a malicious prosecution cause of action does not arise from an unsuccessful petition filed under section 527.8."); *see also Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (when there is no state supreme court opinion addressing a question of state law, a federal court is obligated to follow the decisions of the state's intermediate appellate courts absent convincing evidence

14-16793

that the state supreme court would decide the issue differently).

The district court properly dismissed Cuviello's First Amendment claim because Cuviello failed to allege facts sufficient to establish that defendants were state actors for purposes of § 1983. *See Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002) (tests for determining whether a private individual's actions amount to state action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**