Filed 5/19/26  Pridgen v. Robustelli CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| ABDUL PRIDGEN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>FRANCES ROBUSTELLI,<br><br>        Defendant and Respondent. | A173773<br><br>(Alameda County Super. Ct. No. 24CV097577) |

Abdul Pridgen sued Frances Robustelli for racial harassment and intentional infliction of emotional distress.  The trial court granted her motion to strike the claims pursuant to the anti-SLAPP statute (Code. Civ. Proc., § 425.16; undesignated statutory references are to this code) and entered judgment in her favor.  Pridgen appeals.  We affirm.

## BACKGROUND

In 2024, Pridgen sued the City of San Leandro (City) and former City Manager Robustelli (defendants), alleging racial discrimination, failure to prevent discrimination and/or harassment, retaliation, wrongful termination, harassment, intentional infliction of emotional distress, and defamation.  All claims were asserted against the City, but only the last three were asserted against Robustelli.

Pridgen alleged Robustelli hired him — an African American man — to be the chief of police in 2021.  In 2023, however, she sent a letter "placing

1

him on 'paid administrative leave effective immediately while City conducted a workplace investigation,' " indicating "he was the 'subject of the investigation,' " and relieving him " 'of all duties and responsibilities.' " It did not say why he was being investigated, but he alleged his command staff made false accusations because they opposed his efforts to remedy the "longstanding institutionalized pattern of discriminatory hiring and . . . practices." Defendants "repeatedly issued press releases and otherwise leaked information to the press indicating that [he] had been 'placed on paid leave' while he was 'being investigated for departmental policy violations.' " Defendants "intentionally published vague and nonspecific information about the nature of the investigation" to "leave the impression that [he] had engaged in serious misconduct . . . and to severely damage his reputation." In 2024, after the conclusion of an external investigation, Robustelli issued a notice to terminate his "at-will employment for 'no cause.' " An African American female was hired as the next chief of police.

In 2025, the City filed an anti-SLAPP motion to strike the defamation claim. It provided the declaration of the City's public information officer, which attached the two press releases issued concerning Pridgen. The press releases contained statements made by Robustelli.[1] Weeks later, Pridgen's defamation cause of action was dismissed with prejudice at his request. Robustelli then filed an anti-SLAPP motion to strike the claims alleged

---

[1] The first press release contained a single sentence in which Robustelli said positive things about the person serving as interim chief while Pridgen was on leave. In the second press release, she stated, "The City is prohibited by law from releasing any information about public safety personnel, the length of time . . . to address these matters, reasons for Mr. Pridgen's departure, and the full results of the investigation."

against her, attaching the public information officer's declaration and press releases. After considering the briefing, Pridgen's declaration, and oral argument, the trial court granted the motion. It concluded the harassment and intentional infliction of emotional distress claims — the only remaining claims alleged against Robustelli — arose from protected activity. Further, it concluded Pridgen failed to demonstrate a probability of prevailing on those claims. The court issued judgment in Robustelli's favor but indicated the action would continue as to the remaining claims against the City. Pridgen appealed.

## DISCUSSION

Pridgen contends the trial court erred by weighing the evidence in concluding he had not met his burden to demonstrate a probability of prevailing on his claims. We disagree.

The anti-SLAPP statute permits a defendant to seek dismissal of "unmeritorious claims that are brought to thwart constitutionally protected speech or petitioning activity." (*Robinzine v. Vicory* (2006) 143 Cal.App.4th 1416, 1420–1421; § 425.16, subd. (a).) Resolving an anti-SLAPP motion to strike entails a two-step process. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) The defendant must first show the claim arises out of "acts in furtherance of the defendant's constitutional right of petition or free speech in connection with a public issue." (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 186.) If shown, the plaintiff bears the burden of demonstrating a probability of success on the merits. (*Baral*, at p. 384.) The trial court does not weigh the evidence, rather it accepts plaintiff's evidence as true and determines whether "the plaintiff has stated a legally sufficient claim and made a prima facie factual showing" sufficient for a favorable judgment. (*Id.* at pp. 384–385.) "If the plaintiff fails to meet the

second-step burden, the court will strike the claim." (*Sanchez v. Bezos* (2022) 80 Cal.App.5th 750, 763.) We independently review the court's ruling. (*Ibid.*)

Pridgen does not challenge the trial court's conclusion as to the first step of the anti-SLAPP analysis, i.e., that his claims arose out of protected activity. So we limit our analysis to whether he met his burden of demonstrating a probability of success on the merits.[2]

We begin with the cause of action for racial harassment in violation of the Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.). (*Id.*, § 12940, subd. (j).) To establish a prima facie case, Pridgen must "show that (1) he was a member of a protected class; (2) he was subjected to unwelcome racial harassment; (3) the harassment was based on race; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment; and (5) [Robustelli] is liable for the harassment." (*Thompson v. City of Monrovia* (2010) 186 Cal.App.4th 860, 876.) The trial court concluded Pridgen failed to make "a prima facie factual showing" or to present "competent, relevant evidence to show that he has a probability of prevailing." In so concluding, the court acknowledged it was not to weigh evidence, and the record reflects it did not do so.

In urging reversal, Pridgen relies on the declaration he submitted in opposition to Robustelli's motion to strike. In it, he averred that his command staff opposed his efforts to remedy an "institutionalized pattern of

---

[2] We note that, in asserting his "declaration set forth specific facts which, if credited, satisfy each element of the challenged causes of action," Pridgen does not set forth the elements of the claims nor explain how his evidence was sufficient to establish their existence. Despite his failure to make reasoned legal argument on the issue, we elect not to deem his claim forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

4

discriminatory hiring and promotion practices," and their opposition led them to make "false accusations that [he] had violated Department polices relating to honesty and integrity." He also declared that the "*Command Staff* fabricated the false accusations of [his] dishonesty out of racial animus." (Italics added.) While Pridgen maintained Robustelli was "deeply aware" of departmental opposition to his efforts to "bring change" and "knew the allegations against [him] were false," he also averred she was "fully committed to and supportive of [his] vision and the actions [he] was taking to effectuate them." In identifying her conduct at issue, he declared she "gave [him] a letter placing him . . . on paid administrative leave . . . while the city conducted an investigation," and she ultimately issued a notice to terminate him. He also averred "[d]efendants" issued press releases that were "vague and nonspecific" so as to "leave the impression that [he] had engaged in serious misconduct."

Pridgen fails to identify harassment under FEHA. The allegedly unwarranted placement on leave pending an investigation and termination do not suffice. (*Reno v. Baird* (1998) 18 Cal.4th 640, 646–647 [" 'commonly necessary personnel management actions such as hiring and firing . . . do not come within the meaning of harassment' "]; *Jumaane v. City of Los Angeles* (2015) 241 Cal.App.4th 1390, 1407–1408 [allegedly unwarranted suspension does not constitute harassment].) " 'These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment.' " (*Reno*, at p. 647.) Nor did Pridgen aver that Robustelli — as opposed to his command staff — did anything based on race. Indeed, Pridgen's briefing does not argue there's evidence of harassment committed by Robustelli, much less that it was motivated by race. Thus, reviewing the

5

trial court's ruling de novo — and accepting Pridgen's evidence as true — we conclude he failed to make a prima facie factual showing sufficient for a favorable judgment on his harassment claim against Robustelli, and the court properly struck it. (*Citizens of Humanity, LLC v. Hass* (2020) 46 Cal.App.5th 589, 598 [striking proper when necessary element is missing].)

Next, we turn to Pridgen's intentional infliction of emotional distress cause of action. To establish a prima facie case, Pridgen must show " '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' " (*Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 209.) To be outrageous, the conduct " 'must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.' " (*Ibid.*) " 'Severe emotional distress means " 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.' " ' " (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1051.) The trial court concluded Pridgen failed to present "competent, relevant evidence to show that he has a probability of prevailing" on this claim. Again, the record does not reflect that it weighed the evidence in reaching its conclusion.

In arguing he has made a sufficient factual showing, Pridgen relies on his previously discussed declaration. That is, he cites Robustelli placing him on leave pending an investigation, making statements in a press release regarding the situation, and terminating him as the relevant conduct. That does not suffice. "A simple pleading of personnel management activity is

6

insufficient to support a claim of intentional infliction of emotional distress, *even if improper motivation is alleged.* If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." (*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 80, italics added [termination on the basis of protected status not outrageous conduct].) Moreover, his briefing does not argue — and his declaration does not aver — that he suffered severe or extreme emotional distress as a result of Robustelli's allegedly outrageous conduct. Reviewing the ruling on the motion to strike de novo — and accepting Pridgen's evidence as to this claim as true — we conclude he failed to make a prima facie factual showing sufficient for a favorable judgment on his intentional infliction of emotional distress claim, and the court properly struck it.[3] (*Citizens of Humanity, LLC v. Hass, supra,* 46 Cal.App.5th at p. 598.)

## DISPOSITION

The judgment is affirmed. Robustelli is to recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

---

[3] Given our conclusion, we do not address Robustelli's alternate governmental immunity argument.

7

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
TUCHER, P. J.


_____
PETROU, J.


A173773; *Pridgen v. Robustelli*